UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LARRY BENSON,<br><br>        Plaintiff,<br><br>    v.<br><br>WEST COAST CONSTRUCTION, *et al.*,<br><br>        Defendants. | CASE NO. C06-1630RSM<br><br>ORDER DENYING MOTION FOR CONDITIONAL CLASS CERTIFICATION |

## **I. INTRODUCTION**

This matter comes before the Court on plaintiff's Motion for Conditional Certification as a Collective Action. (Dkt. #7). Plaintiff asks this Court to certify this action as a representative collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). Plaintiff's proposed collective class would consist of all current and former employees of defendants, who worked for defendants during the applicable limitations period. Defendants oppose the motion on the basis that plaintiff's circumstances are so unique there are no other similarly-situated employees, and therefore plaintiff cannot maintain any claims on their behalf. (Dkt. #11). For the reasons set forth below, the Court agrees with defendants and DENIES plaintiff's request for conditional class certification.

ORDER
PAGE - 1

## II. DISCUSSION

### A. Background

Plaintiff is a former employee of defendants, who worked as an hourly construction laborer. He earned between $10.00 and $12.00 per hour. Defendants admit that plaintiff was not paid the proper wage of time-and-a-half for any overtime hours he worked. Defendants assert, and there appears to be no disagreement from plaintiff, that they had entered into an agreement with plaintiff where he agreed to be paid straight time for any overtimes hours worked. This was because defendants had a standing rule that no employee was to work more than 40 hours each week, and because plaintiff apparently had a history of inflating his time cards. Defendants also note that once they realized such an agreement was not legal, they made a full and unconditional tender of back overtime wages to plaintiff.[1] Plaintiff now wishes to bring this action on behalf of himself and all other persons similarly situated, and moves for conditional certification as a representative collective action under FLSA § 216(b).

### B. Conditional Certification

As this Court has previously explained, collective actions are not subject to the numerosity, commonality, and typicality rules of a class action suit under Rule 23 of the Federal Rules of Civil Procedure. *See Gerlach v. Wells Fargo & Co.*, WL 824652, slip op., at *1 -3 (N.D.Cal. 2006); *Hunter v. Sprint Corp.*, 346 F. Supp.2d 113, 117 (D.D.C. 2004). Instead, a plaintiff bringing a collective action must only show that he is "similarly situated" to the other members of the proposed class, and those other members must "opt in" to the proposed class. 29 U.S.C. § 216(b). However, neither the FLSA nor Ninth Circuit case law defines the term "similarly situated." Indeed, as noted by the Tenth Circuit Court of Appeals, there is little circuit law in general defining that term. *Thiessen v. General Electric Capital Corp.,* 267 F.3d 1095, 1102 (10th Cir. 2001).

Although courts have taken various approaches to determine whether plaintiffs in actions

---

[1] Plaintiff has not acknowledged this tender.

such as these are "similarly situated," it appears that the district courts in this circuit have used an *ad hoc,* two-tiered approach. *See, e.g., Wynn v. National Broadcasting Co., Inc.,* 234 F.Supp.2d 1067, 1082 (C.D.Cal.2002) (noting that the majority of courts prefer this approach); *see also Thiessen,* 267 F.3d at 1102-03 (discussing three different approaches district courts have used to determine whether potential plaintiffs are "similarly situated" and finding that the *ad hoc* approach is arguably the best of the three approaches); *Hipp v. Liberty Nat. Life Ins. Co.,* 252 F.3d 1208, 1219 (11th Cir.2001) (finding the two-tiered approach to certification of § 216(b) opt-in classes to be an effective tool for district courts to use). This Court will also follow that approach.

On this motion, the Court conducts an initial "notice stage" analysis of whether plaintiffs are similarly situated, and will determine whether a collective action should be certified for the purpose of sending notice of the action to potential class members. *See, e.g., Thiessen,* 267 F.3d at 1102. For conditional certification at this notice stage, the Court requires little more than substantial allegations, supported by declarations or discovery, that "the putative class members were together the victims of a single decision, policy, or plan." *Id.* at 1102. The standard for certification at this stage is a lenient one that typically results in certification. *Wynn,* 234 F. Supp.2d at 1082.[2]

In the instant case, the Court finds that plaintiff has failed to make a showing that he is similarly situated to other potential plaintiffs even under this lenient standard. Plaintiff has produced only a self-serving declaration, rife with hearsay, in an attempt to demonstrate that other employees also worked overtime for which they were not paid properly.[3] He has produced no evidence that other employees were subject to any agreement similar to or the same as his own agreement with

---

[2] If the Court should grant conditional certification, and discovery is completed, defendant may subsequently move for decertification. On such a motion, the Court would utilize a stricter standard for determining whether the conditionally certified plaintiffs are indeed "similarly situated." *Thiessen,* 267 F.3d at 1102.

[3] Defendants have moved to strike the hearsay portions of plaintiff's declaration under Local Rule 7(g). However, because the Court will not consider that hearsay on this motion, it finds defendants' motion to strike moot.

ORDER
PAGE - 3

defendants, nor has he produced declarations from any other employees that they worked overtime hours and were paid only straight time. In contrast, defendants have produced the declaration of another employee stating that his crew rarely worked overtime hours, and that when they did work such hours, they were fairly compensated.[4] Defendants have also produced evidence from other employers of plaintiff that he was not a reliable time keeper. Accordingly, the Court finds that plaintiff's allegations alone do not demonstrate that he and his fellow employees were together the victims of a single decision, policy, or plan, and therefore do not support conditional certification. As a result, the Court denies conditional certification.

### III. CONCLUSION

The Court, having considered plaintiff's motion, defendants' opposition, plaintiff's reply, the declarations and evidence in support of those briefs, and the remainder of the record, hereby ORDERS:

(1) Plaintiff's Motion for Conditional Certification (Dkt. #7) is DENIED.

(2) The Clerk shall forward a copy of this Order to all counsel of record.

DATED this 6 day of February, 2007.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

---

[4] The Court acknowledges that some courts will discount such declarations because of the risk of bias and coercion inherent in the testimony. *See Jenson v. Eveleth Taconite Co.*, 139 F.R.D. 657, 664 (D. Minn. 1991); *Rainbow Group, Ltd. v. Johnson*, 990 S.W.2d. 351, 357 n.5 (Tex. Ct. App. 1999).

ORDER
PAGE - 4